## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

PROGME CORPORATION,

        Plaintiff,

    v.

GOOGLE LLC,

        Defendant.

Case No.: 2:18-cv-11728

Honorable Avern Cohn

Magistrate Mona K. Majzoub

## GOOGLE LLC'S MOTION TO DISMISS THE COMPLAINT

Defendant Google LLC Inc. ("Google") respectfully moves to dismiss the Plaintiff Progme Corporation's ("Progme") Complaint (Dkt. No. 1) with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

1.    Progme's Complaint should be dismissed because it fails to state a claim for which relief can be granted.

2.    Progme's Complaint should be dismissed with prejudice because no amount of repleading will save its claims.

3.    Pursuant to Local Rule 7.1(a), Google's counsel sought concurrence from Progme's counsel on July 31, 2018.  Google's counsel explained the nature of this Motion and its legal basis and requested, but did not obtain, concurrence in the relief sought.

1

WHEREFORE, Defendant Google respectfully requests that the Court grant this Motion and dismiss the Complaint with prejudice

Dated:  August 1, 2018                    Respectfully submitted,


                                          */s/   Jason M. Garr*
                                          Louis P. Gabel (P80365)
                                          Jason M. Garr (P82284)
                                          JONES DAY
                                          150 W. Jefferson St., Suite 2100
                                          Detroit, Michigan  48226
                                          T: (313) 733-3939
                                          F: (313) 230-7997
                                          lpgabel@jonesday.com
                                          jgarr@jonesday.com

                                          *Attorneys for Defendant*
                                          *Google LLC*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

PROGME CORPORATION,

        Plaintiff,

    v.

GOOGLE LLC,

        Defendant.

Case No.: 2:18-cv-11728

Honorable Avern Cohn

Judge Mona K. Majzoub

## MEMORANDUM IN SUPPORT OF
## GOOGLE LLC'S MOTION TO DISMISS THE COMPLAINT

# **TABLE OF CONTENTS**

ISSUES PRESENTED...........................................................................iii

CONTROLLING OR MOST APPROPRIATE AUTHORITIES...........................iv

TABLE OF AUTHORITIES ...............................................................v

I.     INTRODUCTION..............................................................1

II.    BACKGROUND AND USPTO PROCEEDINGS ....................................1

   A.   Original Prosecution of the '425 Patent..........................................2

   B.   Progme's Reissue Application......................................................3

   C.   Pending *Ex Parte* Reexamination. ...............................................5

III.   LEGAL STANDARD............................................................6

IV.    ARGUMENT ..................................................................6

   A.   Progme's Complaint Fails To State A Claim Because It is Implausible to
        Allege Infringement of an Invalid Patent.......................................6

   B.   Dismissal on the Pleadings is Warranted........................................10

   C.   The Dismissal Should Be With Prejudice.......................................13

V.     CONCLUSION .................................................................14

CERTIFICATE OF SERVICE ...........................................................15

## <u>ISSUES PRESENTED</u>

1.      Should Progme's Complaint be dismissed for failure to state a claim because it asserts a patent that Progme admits is invalid?

Answer:  Yes.

2.      Should Progme's Complaint be dismissed with prejudice because the flaws in its claim are incurable?

Answer:  Yes.

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

### <u>Cases</u>

*Commil USA, LLC v. Cisco Systems, Inc.*, 135 S. Ct. 1920, 1929 (2015)

*Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709 (Fed. Cir. 2014)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)

### <u>Rules</u>

Fed. R. Civ. P. 12(b)(6)

### <u>Statutes</u>

35 U.S.C. § 251

# <u>TABLE OF AUTHORITIES</u>

**Page**

**CASES**

*Abbott Labs. v. Baxter Pharm. Prods., Inc.*,
  334 F.3d 1274 (Fed. Cir. 2003) ..........................................................7

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007).........................................................................10

*Burnett v. Panasonic Corp.*,
  No. 2018-1234, 2018 WL 3434533 (Fed. Cir. July 16, 2018) ...........10

*Commil USA, LLC v. Cisco Systems, Inc.*,
  135 S. Ct. 1920 (2015).....................................................................1, 6

*Content Extraction and Transmission LLC v. Wells Fargo Bank, N.A.*,
  776 F.3d 1343 (Fed. Cir. 2014) ........................................................10

*Eakin Enterprises, Inc. v. Specialty Sales LLC*,
  No. 11-02008-LJO, 2012 WL 2445154 (E.D. Cal. June 26, 2012) ....................1

*In re Tanaka*,
  640 F.3d 1246 (Fed. Cir. 2011) ..........................................................3

*Internet Patents Corp. v. Active Network, Inc.*,
  790 F.3d 1343 (Fed. Cir. 2015) ........................................................10

*Landrum v. Veterans Hosp. Admin.*,
  No. 08-15199-BC, 2009 WL 1034891 (E.D. Mich. Apr. 17, 2009) ...................5

*Matthew N. Fulton, D.D.S., P.C. v. Enclarity, Inc.*,
  No. 16-13777, 2017 WL 783499 (E.D. Mich. Mar. 1, 2017).........................6, 13

*McNeil-PPC, Inc. v. L. Perrigo Co.*,
  337 F.3d 1362 (Fed. Cir. 2003) ........................................................11

*Parry v. Mohawk Motors of Michigan, Inc.*,
    236 F.3d 299 (6th Cir. 2000) ........................................................................6, 13

*Pope Mfg. Co. v. Gormully*,
    144 U.S. 224 (1892)................................................................................................12

*Sanofi v. Watson Labs. Inc.*,
    875 F.3d 636 (Fed. Cir. 2017) .............................................................................7

*Therasense, Inc. v. Becton, Dickinson & Co.*,
    649 F.3d 1276 (Fed. Cir. 2011) ...........................................................................2

*Ultramercial, Inc. v. Hulu, LLC*,
    772 F.3d 709 (Fed. Cir. 2014) .....................................................................11, 12

## STATUTES

18 U.S.C. 1001 .................................................................................................................7

35 U.S.C. § 101 ........................................................................................................10, 13

35 U.S.C. § 251(a) ..........................................................................................................6

35 U.S.C. § 252 .............................................................................................................14

35 U.S.C. § 302 ...............................................................................................................4

35 U.S.C. § 303 ...............................................................................................................5

## OTHER AUTHORITIES

Rule 12(b)(6)...........................................................................................................5, 10

U.S. Patent and Trademark Office Manual of Patent Examining
    Procedure § 1402 .......................................................................................3, 7, 8

## I.   INTRODUCTION

In April 2018, Progme filed a declaration with the U.S. Patent and Trademark Office ("USPTO") admitting that the asserted patent is invalid.  Despite its admission, two months later, Progme filed a Complaint against Google alleging infringement of the same admittedly invalid patent.  It is axiomatic that, if "a patent … is shown to be invalid, there is no patent to be infringed."  *Commil USA, LLC v. Cisco Systems, Inc.*, 135 S. Ct. 1920, 1929 (2015).  Therefore, Progme's infringement claim fails, and the Complaint should be dismissed.  Because amending the pleadings cannot cure the patent's invalidity, Google respectfully asks the Court to dismiss the Complaint with prejudice.

## II.   BACKGROUND AND USPTO PROCEEDINGS

Progme claims that Google infringes a single patent—U.S. Patent No. 8,713,425 ("the '425 patent")—which it acquired from the named inventor, David Reams.  Mr. Reams is also Progme's president and litigation counsel, as well as the attorney who prosecuted the original patent application before the USPTO.  Ex. A.[1]  In addition to the original prosecution, the '425 patent is the subject of two

---

[1] The cited exhibits are official USPTO records, of which this Court may properly take judicial notice.  *See, e.g., Eakin Enterprises, Inc. v. Specialty Sales LLC*, No. 11-02008-LJO, 2012 WL 2445154, at *4 (E.D. Cal. June 26, 2012) (taking judicial notice of USPTO records, including "the full file history of the reissue application," "because judicial notice of matters of public record, including administrative records and procedures, are appropriate pursuant to Fed. R. Evid. 201") (internal citations omitted).

other pending USPTO proceedings: a reissue application filed by Progme on April 4, 2018 and an *ex parte* reexamination ordered by the USPTO on May 1, 2018.

### A. Original Prosecution of the '425 Patent.

During prosecution of the original patent application, the examiner rejected claims 26-50[2] as unpatentable in view of the prior art.  *See* Ex. B at 2-25.  In response, Progme amended the claims to add the following limitation:

> a resource identifier  in an initial array position of a list in which resource identifiers uniquely identifying resources corresponding to said predetermined program material are arrayed

Ex. C at 13-25 (the "initial array position limitation").  At the time, Progme told the USPTO that the claims should be patented because this "initial array position limitation" was not taught in the prior art.  *Id.* at 9-13.  The USPTO allowed the claims one week later.  Ex. D.

However, Progme did <u>not</u> tell the USPTO that this "initial array position limitation" was directly copied from a different prior art reference, U.S. Patent App. Pub. No. 2008/0244576 ("Kwon").  *See* Ex. E at ¶ 25; *see also* Ex. F at 6-7.  Kwon teaches:

> setting a resource allocation policy calling *a resource identifier* that is *in an initial array position of a list in which resource identifiers uniquely identifying resources are arrayed*

---

[2] These claims correspond to claims 1-25 (*i.e.*, all claims) of the '425 patent.

2

Kwon at ¶ 25 (emphasis added).  The italicized portion appears verbatim in the '425 patent's initial array position limitation.

Despite having lifted this claim language from Kwon, Progme did not disclose this reference to the USPTO. [3]  The examiner was therefore unaware of Kwon during the original prosecution.

**B. Progme's Reissue Application.**

On April 4, 2018—nearly two months before filing its Complaint against Google—Progme asked the USPTO to reissue the '425 patent.  A patentee can file a reissue application to correct an error in the patent arising from the preparation or prosecution of the original patent.  *See* USPTO Manual of Patent Examining Procedure ("MPEP") § 1402.  An example of such an error is the inclusion of patent claims that are too broad, and therefore ensnare the prior art.  *In re Tanaka*, 640 F.3d 1246, 1251 (Fed. Cir. 2011).

Progme's reissue application includes a declaration, signed by Mr. Reams, stating that the '425 patent is invalid because every claim "claim[s] more than entitled to in light of [the] prior art."  Ex. G at 2.  To get around this prior art problem, Progme asked the USPTO to "add certain features to narrow the scope"

---

[3] Because Mr. Reams did not disclose Kwon to the USPTO, the '425 patent is unenforceable due to inequitable conduct.  *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1287-90 (Fed. Cir. 2011).

of all claims.  Ex. H at 19.  For example, Progme seeks to add new limitations to

independent claim 1 (for clarity, the new limitations are underlined below):

> said predetermined program material represented by said program signals representative of said predetermined program material are arrayed wherein said resource identifier is used to hyperlink to a resource corresponding to said predetermined program material
>
> \*   \*   \*
>
> processing said predetermined hyperlink address indicated in said first attribute comprising said resource identifier identifying said resource in an initial array position of a list in which resource identifiers uniquely identifying resources corresponding to said predetermined program material represented by said program signals representative of said predetermined program material are arrayed to hyperlink to said resource
>
> \*   \*   \*
>
> attribute wherein predetermined activation of said hyperlinking to said resource in an initial array position of a list in which resource identifiers uniquely identifying resources corresponding to said predetermined program material are arrayed combines activation of said hyperlinking with activation of said printing so that said hyperlinking prints predetermined printable output of said resource in an initial array position of a list in which resource identifiers uniquely identifying resources corresponding to said predetermined program material are arrayed without said printing being separately activated after said hyperlinking is activated.

*Id.* at 6-9.  Progme asks the USPTO to add similar limitations to all independent

claims, thus narrowing all claims to avoid the invalidating prior art.  *Id.* at 9-10,

13-15.

## C.   Pending *Ex Parte* Reexamination.

On May 1, 2018—a full month before the Complaint was filed—the USPTO

ordered *ex parte* reexamination[4] of the '425 patent.  Ex. F.  The reexamination

order expressed doubt about the validity of the '425 patent, finding that there was a

"substantial new question of patentability affecting claims 1-25," *i.e.*, all claims.

*Id.* at 2.  The USPTO is concerned about the same "initial array position

limitation" that, as discussed above, was critical to the allowance of the '425 patent

claims:

> claims 1-25 were allowed at least in part based on the limitations
> regarding the positioning of a resource "in an initial array position of
> a list in which resource identifiers uniquely identifying resources
> corresponding to said predetermined program material are arrayed."

*Id.* at 5.  The reexamination order recognizes that the "initial array position"

limitation is taught in the prior art. *Id.* at 6-7.  Specifically, the USPTO found that

Kwon includes the "initial array position" claim language verbatim.[5]  *Id.*; *supra* p.

2-3.

---

[4] Ex parte reexamination is a tool that allows any person to request the
USPTO to reexamine an already-granted patent based on other patents and
publications that they bring to the USPTO's attention.  35 U.S.C. § 302.  If the
USPTO determines that request raises "a substantial new question of
patentability," the USPTO will order reexamination.  35 U.S.C. § 303.

[5] The UPSTO further identified several other prior art references that also
raise a substantial new question of patentability.  *Id.* at 7-9.

## III.   LEGAL STANDARD

"[A] complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead 'enough facts to state a claim to relief that is plausible on its face.'" *Landrum v. Veterans Hosp. Admin.*, No. 08-15199-BC, 2009 WL 1034891, at *1 (E.D. Mich. Apr. 17, 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A complaint that alleges infringement of an invalid patent is inherently implausible because "only valid patents can be infringed.  To talk of infringing an invalid patent is to talk nonsense." *Commil*, 135 S. Ct. at 1931 (Scalia, J. dissenting); *see also id.* at 1929 (if "a patent … is shown to be invalid, there is no patent to be infringed").

When any "amendment would be futile," the complaint should be dismissed with prejudice. *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 307 (6th Cir. 2000); *Matthew N. Fulton, D.D.S., P.C. v. Enclarity, Inc.*, No. 16-13777, 2017 WL 783499, at *4 (E.D. Mich. Mar. 1, 2017) (dismissing case with prejudice where "no amendment could cure the deficiencies in the Complaint").

## IV.   ARGUMENT

### A. Progme's Complaint Fails To State A Claim Because It is Implausible to Allege Infringement of an Invalid Patent

Progme alleges direct and indirect infringement of the '425 patent.  Compl. at ¶ 55.  But Progme admits that the '425 patent is invalid.  Ex. G at 2; Ex. H at 6-

6

19.  And one cannot plausibly allege infringement of an invalid patent.  *Commil*, 135 S.Ct. at 1931 ("To talk of infringing an invalid patent is to talk nonsense.").  Progme's infringement claim thus fails and should be dismissed.

Recognizing that the '425 patent is invalid in view of the prior art, Progme asked the USPTO to reissue the '425 patent with narrower claims.  Ex. H at 6-18.  A reissue is proper only for patents that are "inoperative or invalid."  35 U.S.C. § 251(a).  "There must be at least one error in the patent to provide grounds for reissue of the patent."  MPEP § 1402.  Here, the error is that the prior art invalidates each and every claim of the '425 patent.

And Progme's reissue application confirms that every claim is invalid.  In support of its request to reissue the '425 patent, Progme submitted a declaration[6] stating that the '425 patent is "inoperative or invalid … by reason of the patentee claiming more or less than he had the right to claim."  Ex. G at 1.  The declaration clarified that the patent is invalid because it "claim[s] more than entitled to in light of omitted prior art reference."  *Id.* at 2. [7]

---

[6] Mr. Reams, who signed the declaration, acknowledged that "any willfully false statement made in th[e] declaration is punishable under 18 U.S.C. § 1001 by fine or imprisonment of not more than five (5) years, or both."  *Id.* at 1.

[7] Mr. Reams declared that he is "authorized to act on behalf of [Progme]."  *Id.* at 1.

In other words, Mr. Reams—as the named inventor of the '425 patent, the prosecuting attorney, the President of Progme, and Progme's litigation counsel— formally and publicly told the USPTO that all claims of the '425 patent are invalid. Such statements made to the USPTO are binding.  *See, e.g., Abbott Labs. v. Baxter Pharm. Prods., Inc.*, 334 F.3d 1274, 1279 (Fed. Cir. 2003) ("valid prior art may be created by … statements made during prosecution describing certain work as prior art"); *Sanofi v. Watson Labs. Inc.*, 875 F.3d 636, 650 (Fed. Cir. 2017) (claim scope is limited "when a patentee, either through argument or amendment, surrenders claim scope during the course of prosecution").

Progme's reissue application seeks to *significantly* limit *every* claim, reaffirming Progme's view that each and every claim of the '425 "patent is … invalid."  MPEP § 1402.  For example, Progme seeks to add all of the following additional, underlined limitations to independent claim 1 so as to narrow the scope of that patent claims:

> said predetermined program material <u>represented by said program signals representative of said predetermined program material</u> are arrayed <u>wherein said resource identifier is used to hyperlink to a resource corresponding to said predetermined program material</u>
>
> * * *
>
> processing said predetermined hyperlink address indicated in said first attribute <u>comprising said resource identifier identifying said resource in an initial array position of a list in which resource identifiers uniquely identifying resources corresponding to said predetermined program material represented by said program signals</u>

8

representative of said predetermined program material are arrayed to hyperlink to said resource

\*   \*   \*

attribute <u>wherein predetermined activation of said hyperlinking to said resource in an initial array position of a list in which resource identifiers uniquely identifying resources corresponding to said predetermined program material are arrayed combines activation of said hyperlinking with activation of said printing so that said hyperlinking prints predetermined printable output of said resource in an initial array position of a list in which resource identifiers uniquely identifying resources corresponding to said predetermined program material are arrayed without said printing being separately activated after said hyperlinking is activated.</u>

Ex. H at 6-9.  The reissue application adds analogous limitations to the remaining independent claims and, thus, to all claims of the '425 patent.  *Id.* at 9-10, 13-15. Progme confirms that these new claim limitations are designed to cure the invalidity by "add[ing] certain features to narrow the scope" of all claims.  *Id.* at 19.  Accordingly, there can be no dispute that Progme has admitted to the USPTO that all claims of the current '425 patent are invalid.

Indeed, the amendments Progme seeks in its reissue application are directed to the same elements in dispute in the *ex parte* reexamination.  The reexamination order recognized that:

> patent claims 1-25 were allowed at least in part based on the limitation regarding the positioning of a resource "in an initial array position of a list in which resource identifiers uniquely identifying resources corresponding to said predetermined program material are arrayed."

Ex. F at 5.  Importantly, the reexamination order also recognizes that the very claim limitation that was critical to the allowance of the '425 patent claims—the

9

"initial array position limitation"—is taught in the prior art Kwon reference. *Id*. at 6-7. *Id*. The USPTO's findings are consistent with Progme's own position that the '425 patent is invalid.

### B. Dismissal on the Pleadings is Warranted

In view of Progme's admission that all claims of the '425 patent are invalid, this case is properly disposed of at the pleading stage. As discussed above, Progme's Complaint is deficient for asserting an admittedly invalid patent. Indeed, Progme cannot identify any claim in the asserted patent that it believes is valid and enforceable.[8] This is the sort of "basic deficiency [that] should … be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558.

Not surprisingly, courts routinely dismiss complaints that, like the Complaint here, assert invalid patent claims. For example, in the context of 12(b)(6) motions brought in connection with 35 U.S.C. § 101 (defining patent-eligible subject matter), the Federal Circuit has repeatedly endorsed dismissal of infringement claims where the asserted patent is invalid for failing to claim patent-eligible subject matter. *See, e.g., Burnett v. Panasonic Corp.*, No. 2018-1234, 2018 WL 3434533, at *2 (Fed. Cir. July 16, 2018) ("patent eligibility can be

---

[8] To the extent Progme maintains that there is any valid, enforceable claim in the '425 patent, then the reissue declaration is false.

determined at the Rule 12(b)(6) stage"); *Internet Patents Corp. v. Active Network, Inc.*, 790 F.3d 1343, 1344 (Fed. Cir. 2015) (affirming pleading-stage judgment of invalidity under § 101); *Content Extraction and Transmission LLC v. Wells Fargo Bank, N.A.*, 776 F.3d 1343, 1349 (Fed. Cir. 2014) (same); *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 711-12 (Fed. Cir. 2014) (same).

Reasons cited by the Federal Circuit supporting early dismissal of complaints that assert patent-ineligible claims apply with equal force to this case. First, dismissing an infringement claim premised on an admittedly invalid patent now "will conserve scarce judicial resources." *Ultramercial*, 772 F.3d at 718-19. Invalidity—conceded by Progme here—is a "basic deficiency" that this Court should ferret out at the pleading stage. *Id.* (citing *Twombly*, 550 U.S. at 558). Doing so will "minim[ize] expenditure of time and money by the parties and the court." *Id.* at 719.

Second, early dismissal of invalid patent claims is justified, because it "provides a bulwark against vexatious infringement suits." *Id.* It is difficult to imagine a more vexatious patent suit than one where, as here, the patentee admitted that its patent as currently claimed is invalid *before filing its complaint*. This is precisely the type of "meritless infringement claim[]" that supports dismissal at the pleading stage. *Id.* Indeed, the Federal Circuit has found such claims "exceptional" and worthy of an award of attorneys' fees. *See, e.g., McNeil-PPC,*

11

*Inc. v. L. Perrigo Co.*, 337 F.3d 1362, 1371-72 (Fed. Cir. 2003) ("bad faith

litigation, where a patentee initiates litigation on a patent he knows is invalid or is

not infringed, is conduct offensive to public policy … and can provide a basis for

granting attorney fees") (citing *Loctite Corp. v. Ultraseal Ltd.*, 781 F.2d 861, 875-

76 (Fed. Cir. 1985)).

<u>Third</u>, "and most importantly," dismissing Progme's Complaint protects the

public from a patent that is being used to "stifle innovation and transgress the

public domain." *Ultramercial*, 772 F.3d at 719.  To date, Progme has asserted the

'425 patent (even though Progme admits that patent is invalid) against two dozen

businesses,[9] limiting competition and hampering their ability to provide goods and

---

[9] Companies Progme has accused of infringing the '425 patent include:
Amazon.com, Inc., Bright House Networks, LLC, CSC Holdings, LLC, Charter
Communications, Inc., Comcast Cable Communication, LLC d/b/a Xfinity,
Comcast Corporation, HP Inc. f/k/a Hewlett-Packard Company, Hulu, LLC, Jelli,
Inc., Katz Media, Inc., NBCUniversal Media, LLC, NBC Universal, Inc., Samsung
Electronics America, Inc., SeaChange International, Inc., Spectrum Management
Holding Company, LLC f/k/a Time Warner Cable, Inc., The Walt Disney
Company, The Weather Channel, Inc., iHeartMedia, Inc.  (*Progme Corp. v.
Amazon.com, Inc. et al.*, Case No. 2:15-cv-13935 (E.D. Mich.); *Progme Corp. v.
Comcast Cable Comm'ns, LLC et al*, Case No. 2:17-cv-01488 (E.D. Pa.)); Fox
Broadcasting Co., Fox Entertainment Group, Inc., Fox Network, LLC, Fox
Networks Group, Inc., Twenty-First Century Fox Inc. (*Progme Corp. v. Fox
Network, LLC et al*, Case No. 2:18-cv-11057 (E.D. Mich.)); and, here, Google
LLC.

A majority of these cases were dismissed at the pleading state.  *See Progme
Corp. v. Amazon.com, Inc. et al.*, Case No. 2:15-cv-13935 at Dkt. No. 4; *Progme
Corp. v. Comcast Cable Comm'ns, LLC et al*, Case No. 2:17-cv-01488 at Dkt. No.
35.  The court stayed Progme's case against Comcast—at Progme's request—prior

services to consumers. *See Pope Mfg. Co. v. Gormully*, 144 U.S. 224, 234 (1892) ("It is as important to the public that competition should not be repressed by worthless patents, as that the patentee of a really valuable invention should be protected in his monopoly."). Protecting the public from Progme's defective patent warrants dismissal.

Dismissal at the pleading stage is even more appropriate in this case than in patent-ineligibility cases. When considering motions to dismiss under § 101, courts must undertake the burden of analyzing the patent claims for eligibility under Supreme Court and Federal Circuit precedent. Here, no such legal analysis is necessary: Progme has already admitted invalidity, and has done so while trying to benefit from the reissue process.

## C. The Dismissal Should Be With Prejudice

Dismissal with prejudice is appropriate where, as here, "amendment would be futile." *Parry*, 236 F.3d at 307; *Matthew N. Fulton, D.D.S.*, 2017 WL 783499, at *4 (dismissing case with prejudice where "no amendment could cure the deficiencies in the Complaint"). The fundamental flaw in Progme's Complaint is that the asserted patent is admittedly invalid. No amount of pleading can cure this deficiency. Accordingly, dismissal should be with prejudice.

---

to ruling on Comcast's motion to dismiss. The remaining case against several Fox entities, which is currently pending in this Court, is scheduled for hearing of defendants' motion to stay on August 15, 2018.

Moreover, to the extent reissue application is granted, Progme will surrender all claims in the '425 patent. 35 U.S.C. § 252. Given the extensive additional limitations Progme seeks to add to every claim through reissue, Ex. H at 6-18, any claims that survive reissue will be materially different. The reissue claims will therefore be unenforceable prior to the reissue date. 35 U.S.C. § 252. There is thus no benefit to allowing Progme to re-plead its case.

## V.   CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant its Motion and dismiss Progme's Complaint in full and with prejudice.


Dated:  August 1, 2018                    Respectfully submitted,


                                          */s/   Jason M. Garr*
                                          Louis P. Gabel (P80365)
                                          Jason M. Garr (P82284)
                                          JONES DAY
                                          150 W. Jefferson St., Suite 2100
                                          Detroit, Michigan  48226
                                          T: (313) 733-3939
                                          F: (313) 230-7997
                                          lpgabel@jonesday.com
                                          jgarr@jonesday.com

                                          *Attorneys for Defendant*
                                          *Google LLC*

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 1, 2018, I electronically filed the foregoing

Motion and Memorandum with the Clerk of the Court using the ECF system,

which will send notification of such filing to all parties of record.

Dated:  August 1, 2018                    Respectfully submitted,


                                          */s/   Jason M. Garr*
                                          Jason M. Garr (P82284)

15