UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PROGME CORP.,

        Plaintiff,

v.

GOOGLE LLC,

        Defendant.
_____/

Case No. 18-11728

HON. AVERN COHN

**<u>MEMORANDUM AND ORDER</u>**
**<u>STAYING PROCEEDINGS</u>**
**<u>AND</u>**
**<u>DENYING DEFENDANT'S MOTION TO DISMISS (Doc. 9) WITHOUT PREJUDICE</u>**

I. Introduction

This is a patent case. Plaintiff, Progme Corp. (Progme) is suing Google, LLC (Google) claiming infringement of U.S. Patent No. 8,713,425 (the '425 patent).

As will be explained, the '425 patent is the subject of reexamination and reissue proceedings before the United States Patent and Trademark Office (PTO). As will also be explained, the undersigned is presiding over a case Progme filed against several Fox entities claiming infringement of the '425 patent. <u>Progme v. Fox</u>, 18-11057. The Court, on Fox's motion, recently stayed proceedings in the <u>Fox</u> case pending resolution of the PTO proceedings. <u>See</u> Doc. 14 in case no. 18-11057.

Although Google is aware of the <u>Fox</u> case, and other cases filed by Progme, it filed a motion to dismiss. As best as can gleaned, Google says that the complaint must be dismissed because, as evidenced by the PTO filings, Progme admits that the '425 patent is invalid. Because, however, the PTO has yet to rule on the validity issues in

the reexamination or reissue proceedings, the better course is to deny Google's motion without prejudice and, consistent with Fox, stay proceedings.

II. Background

A. The '425 Patent

The named inventor of the '425 patent is David A. Reams, an attorney. Reams also prosecuted a series of applications leading to the '425 patent for nearly 13 years, until the '425 patent issued on April 9, 2014. In addition to being the inventor and the prosecuting attorney, Reams is the President, Treasurer, Secretary, and Director of Progme. He is also representing Progme as litigation counsel in this case. His law firm (Law Office of David A. Reams, P.C.) shares the same address as Progme: 208 Clair Hill Drive, Rochester Hills, Michigan.

B. The Comcast Litigation

The two pending PTO proceedings are the outgrowth of ongoing litigation between Progme and Comcast. In 2015, Progme sued a number of entities, including Comcast, in this district. Progme v. Comcast, 15-13935. Within two weeks after the filing of the complaint, Progme filed a notice of voluntary dismissal, "dismissing with prejudice" all defendants except for Comcast. See Doc. 4 in case no. 15-13935. Comcast then filed a motion to transfer. The district court granted the motion and transferred the case to the Eastern District of Pennsylvania. See Doc. 48 in case no. 15-13935. After the transfer, the district court in Pennsylvania granted Progme leave to file a fourth amended complaint but noted that Progme would not be allowed any additional amendments. See Progme v. Comcast, 17-01488, Doc. 47, 48. Comcast then filed a Rule 12(b)(6) motion to dismiss the fourth amended complaint for lack of

2

patent-eligible subject matter. After the motion was fully briefed, submitted a letter to the Court asking for a stay pending resolution of the reexamination and reissue proceedings in the PTO.

Although Comcast opposed the stay, on May 23, 2018, the district court stayed proceedings. See Doc. 60 in case no. 17-01488.

### C. The PTO Proceedings

During the pendency of the Comcast case, Comcast filed a request for ex parte reexamination of the '425 patent with the PTO. On May 1, 2018, the PTO ordered reexamination based on Comcast's ex parte reexamination request. In its request, Comcast alleged that during prosecution of the '425 patent, Progme amended the claims to include language that was copied verbatim from a prior art reference (the Kwon reference) and failed to disclose the prior art reference to the PTO. Comcast also alleged that when Progme filed the child application that directly led to the '425 patent, the material that was added to the child application was also copied from other prior art references which were also not disclosed to the PTO.

In ordering the reexamination, the PTO found that there was "a substantial new question of patentability" and determined that "[t]here is a substantial likelihood that a reasonable examiner would consider these teachings [of the Kwon reference] important in deciding whether or not these claims are patentable."

In addition to Comcast's reexamination proceeding, on April 4, 2018, about two months before it filed its complaint against Google, Progme filed a reissue application for the '425 patent with the PTO.

### D. The Fox Litigation

On April 3, 2018, Progme filed a complaint against Fox. As noted above, Fox filed a motion to stay proceedings pending the outcome of the PTO proceedings which the Court recently granted.

### E. The Google Litigation

On June 1, 2018, Progme filed its complaint against Google. The case was reassigned to the undersigned as a companion to the Fox case. See Doc. 3. In lieu of an answer, Google filed a motion to dismiss.

## III. Legal Standard

The Court has the discretion to manage its docket, including the power to stay proceedings, where this power "extends to the issuance of a stay pending the reexamination of a patent by the PTO." GII Acquisition, LLC v. Cybernet Sys. Corp., No. 2:13-CV-14890, 2014 WL 4209928, at *1 (E.D. Mich. 2014). The Court should consider "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issue in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." Id. at *2.

## IV. Analysis

Consideration of the relevant factors under the circumstances weighs in favor of a stay. As to the first factor, staying the case will not unduly prejudice Progme. This is particularly so because Progme itself recognized the utility of a stay and asked for a stay in the Comcast case. A stay will also simplify the issues. The '425 patent is currently undergoing two reexamination proceedings, which will either result in a finding

4

of invalidity or a reissue.  Therefore, staying the case until the PTO reissues or invalidates the '425 patent will simplify and narrow the issues the Court will have to consider.  Finally, this case is in its infancy.  There has been no discovery and the case is far from trial.  In staying the case, the parties and the Court will avoid the possibility of redoing significant work in light of the outcomes of the PTO proceedings.

V.  Conclusion

For the reasons stated above, Google's motion to dismiss is DENIED WITHOUT PREJUDICE.  Proceedings in this case are STAYED pending resolution of the PTO proceedings.  The parties shall promptly advise the Court of any and all actions taken by the PTO with respect to the reexamination and the reissue application of the '425 patent.  The Court reserves the right to lift the stay at any time.

SO ORDERED.

        S/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated: 8/9/2018
      Detroit, Michigan