## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **PROGME CORPORATION**, | Civil Action No. 2:18-cv-11728 |
| **Plaintiff** | District Judge Denise Page Hood |
| v. | Magistrate Judge Mona K. Majzoub |
| **GOOGLE LLC,** | |
| **Defendant** | |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S COUNSEL MOTION TO WITHDRAW AS COUNSEL

## TABLE OF CONTENTS

**Pg(s)**

**TABLE OF AUTHORITIES**                                                                 iii

**ISSUES PRESENTED**                                                                      iv

I. **THREE OF THE FIRST FOUR FACTUAL ALLEGATIONS MADE IN PLAINTIFF'S COUNSEL MOTION TO WITHDRAW AS COUNSEL FOR PROGME ARE NEGATED BY DAR AFFIDAVIT FACTS.**  1-2

II. **THE SUBSTANTIAL HARDSHIP EXCEPTION TO DISQUALIFYING AN ATTORNEY ALSO SERVING AS A WITNESS ON BEHALF OF A CLIENT UNDER RULE 3.7(a)(3) OF THE OHIO AND MICHIGAN RULES OF PROFESSIONAL RESPONSIBILITY DOES APPLY IN THIS CASE TO ALLOW THE UNDERSIGNED TO REMAIN AS COUNSEL TO PROGME AND SERVE AS A WITNESS ON BEHALF OF PROGME.**  2-4

III. **THE ISSUE OF DISQUALIFYING AN ATTORNEY ALSO SERVING AS A WITNESS ON BEHALF OF A CLIENT UNDER RULE 3.7(a) OF THE MICHIGAN RULES OF PROFESSIONAL RESPONSIBILITY IS PREMATURE FOR THIS COURT TO CONSIDER AT THIS EARLY PRETRIAL STAGE OF THE INSTANT CASE.**  4-5

IV. **DEFENDANT GOOGLE IN ITS RESPONSE TO PLAINTIFF'S COUNSEL MOTION TO WITHDRAW AS COUNSEL TO PROGME DEFEATS THE MOTION TO WITHDRAW BY RAISING INEQUITABLE CONDUCT ALLEGATIONS AND THEREBY MAKING IT VIRTUALLY IMPOSSIBLE FOR PROGME TO SECURE ALTERNATE LOCAL COUNSEL TO REPLACE PLAINTIFF'S COUNSEL.**  5-6

V. **SHOULD THIS COURT GRANT PLAINTIFF'S COUNSEL MOTION TO WITHDRAW AS COUNSEL TO PROGME, PROGME REQUESTS THIS COURT WAIVE THE REQUIREMENT THAT PROGME SECURE LOCAL COUNSEL PURSUANT TO LR 83.20(F)(1).**  6

**AFFIDAVIT OF DAVID A. REAMS**

**CERTIFICATE OF SERVICE**                                                                 7

## TABLE OF AUTHORITIES

**Pg(s)**

**Cases**

155 N. High Ltd. v. Cincinnati Ins. Co., 72 Ohio St. 3d 423, 650 NE 3d 869 (Ohio 1995)   **3**

MJK Family LLC v. Corp Eagle Mgmt. Servs., Inc., 676 F. Supp 2d 584, 600   **4,5,6**
(E.D. Mich 2009)

Dairymple v. Nat'l Bank & Trust Co. of Traverse City, 615 F. Supp. 979, 990   **5**
(W.D. Mich. 1985)

**Statutes**

LR 83.20(f)(1)   **1,6**

Rule 3.7(a)(3) of the Ohio and Michigan Rules of Professional Responsibility   **1,2,4**

Rule 3.7(a) of the Michigan Rules of Professional Responsibility   **4**

## STATEMENT OF ISSUES PRESENTED

### ISSUES PRESENTED

I.  **ARE THREE OF THE FIRST FOUR FACTUAL ALLEGATIONS MADE**
II. **IN PLAINTIFF'S COUNSEL MOTION TO WITHDRAW AS COUNSEL FOR PROGME ARE NEGATED BY DAR AFFIDAVIT FACTS?**          **YES**

II. **DOES THE SUBSTANTIAL HARDSHIP EXCEPTION TO DISQUALIFYING AN ATTORNEY ALSO SERVING AS A WITNESS ON BEHALF OF A CLIENT UNDER RULE 3.7(a)(3) OF THE OHIO AND MICHIGAN RULES OF PROFESSIONAL RESPONSIBILITY APPLY IN THIS CASE TO ALLOW THE UNDERSIGNED TO REMAIN AS COUNSEL TO PROGME AND SERVE AS A WITNESS ON BEHALF OF PROGME?**          **YES**

III. **IS THE ISSUE OF DISQUALIFYING AN ATTORNEY ALSO SERVING AS A WITNESS ON BEHALF OF A CLIENT UNDER RULE 3.7(a) OF THE MICHIGAN RULES OF PROFESSIONAL RESPONSIBILITY PREMATURE FOR THIS COURT TO CONSIDER AT THIS EARLY PRETRIAL STAGE OF THE INSTANT CASE?**          **YES**

IV. **DID DEFENDANT GOOGLE IN ITS RESPONSE TO PLAINTIFF'S COUNSEL MOTION TO WITHDRAW AS COUNSEL TO PROGME DEFEAT THE MOTION TO WITHDRAW BY RAISING INEQUITABLE CONDUCT ALLEGATIONS AND THEREBY MAKING IT VIRTUALLY IMPOSSIBLE FOR PROGME TO SECURE ALTERNATE LOCAL COUNSEL TO REPLACE PLAINTIFF'S COUNSEL?**          **YES**

V. **IF THIS COURT GRANTS PLAINTIFF'S COUNSEL MOTION TO WITHDRAW AS COUNSEL TO PROGME, SHOULD THIS COURT WAIVE THE REQUIREMENT THAT PROGME SECURE LOCAL COUNSEL PURSUANT TO LR 83.20(F)(1)?**          **YES**

## **STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY**

The controlling or most appropriate authorities for the relief sought in this motion include:

Rule 3.7(a)(3) of the Ohio and Michigan Rules of Professional Responsibility.

Now comes Plaintiff Progme Corporation (hereinafter termed "Progme"), by counsel, and, hereby opposes **PLAINTIFF'S COUNSEL MOTION TO WITHDRAW AS COUNSEL** filed 7/24/20 in the above-captioned action (hereinafter termed "**Motion to Withdraw**"), Dkt. 40, or, in the alternative, should this Court grant counsel leave to withdraw, Progme requests pursuant to LR 83.20(f)(1) waiver of the requirement that Progme secure Local Counsel in the above-captioned action. In opposition thereto, Progme submits facts alleged in the appended **AFFIDAVIT OF DAVID A. REAMS** (hereinafter termed, respectively, "**DAR Affidavit**" and "**DAR Affidavit Fact**").

I. **THREE OF THE FIRST FOUR FACTUAL ALLEGATIONS MADE IN PLAINTIFF'S COUNSEL MOTION TO WITHDRAW AS COUNSEL FOR PROGME ARE NEGATED BY DAR AFFIDAVIT FACTS.**

1. Counsel Mike Raggio, Esq. is counsel to Progme. *See* **Motion to Withdraw** at pg. 1. Specifically at present, as demonstrated below, said counsel is Local Counsel to Progme.

2. Counsel seeks to withdraw as counsel to Progme in the above-captioned action because counsel originally agreed to be Local Counsel only, not Lead Counsel, in the above-captioned action. *See* **Motion to Withdraw** at pg. 1.

This reason for counsel to be granted leave to withdraw as counsel for Progme in the above-captioned action is mooted by **DAR Affidavit Fact** #8 "that the undersigned entered an appearance as counsel on behalf of Progme in the above-captioned action as an Ohio attorney noticing Mike Raggio, Esq. as Local Counsel, Dkt. 42, and that the undersigned as such counsel intends to serve as Lead Counsel in the above-captioned action as well as a witness on behalf of Progme under the Rule 3.7(a)(3) exception in the Ohio and Michigan Rules of Professional Responsibility wherein disqualification of an attorney also serving as a witness for a client would

1

cause substantial hardship to the client (s*ee* Rule 3.7(a)(3) of the Ohio and Michigan Rules of Professional Responsibility)." *See* appended **DAR Affidavit** at Para. 8 (emphasis added).

3. Counsel has no knowledge of or input in the research, writing and critical reviewing of briefs, motions and complaints. *See* **Motion to Withdraw** at pg. 1.

This factual allegation is incorrect as demonstrated by **DAR Affidavit Fact** #3 "that as said inventor and attorney the undersigned has researched and written virtually all pleadings filed in the above-captioned action, always preparing them in Word format for counsel to Progme, Mike Raggio, Esq., to review, make changes and e-file." *See* appended **DAR Affidavit** at Para. 3.

4. Counsel is receiving monthly payments from Progme less than the actual hours billed by counsel for services performed. *See* **Motion to Withdraw** at pg. 2.

This factual allegation is addressed by **DAR Affidavit Fact** #11 "that approximately one year ago the undersigned negotiated a monthly payment plan with Raggio and Dinnin, PC, with which the undersigned has consistently complied every month, however, the undersigned is amenable to renegotiation of such payment plan with Raggio and Dinnin, PC if warranted." *See* appended **DAR Affidavit** at Para. 11. Further, it should be noted that, as the undersigned assumes the role of Lead Counsel in the above-captioned actions as attested to in **DAR Affidavit Fact** #8, counsel's role as Local Counsel in the above-captioned action will naturally consume less time. *See* appended **DAR Affidavit** at Para. 8.

II. **THE SUBSTANTIAL HARDSHIP EXCEPTION TO DISQUALIFYING AN ATTORNEY ALSO SERVING AS A WITNESS ON BEHALF OF A CLIENT UNDER RULE 3.7(a)(3) OF THE OHIO AND MICHIGAN RULES OF PROFESSIONAL RESPONSIBILITY DOES APPLY IN THIS CASE TO ALLOW THE UNDERSIGNED TO REMAIN AS COUNSEL TO PROGME AND SERVE AS A WITNESS ON BEHALF OF PROGME.**

To meet his burden of proof to be allowed to remain as counsel to a client, an attorney also serving as a witness on behalf of the client in a case must prove that his counsel has "distinctive

2

value" and that the disqualification of him as counsel would result in substantial hardship to the client. 155 N. High Ltd. v. Cincinnati Ins. Co., 72 Ohio St. 3d 423, 650 NE 3d 869 (Ohio 1995). Further, distinctive value is defined as legal expertise. 155 N. High Ltd. v. Cincinnati Ins. Co., supra at 429.

**DAR Affidavit Fact**s #2-9 establish the distinctive value of the undersigned's continuing legal representation of Progme in the above-captioned action:

2. "… that as said inventor and attorney the undersigned has gained extensive knowledge of all technical aspects of the patented system, method and apparatus as well as the software underlying the '735 Patent;

3. … that as said inventor and attorney the undersigned has researched and written virtually all pleadings filed in the above-captioned action, always preparing them in Word format for counsel to Progme, Mike Raggio, Esq., to review, make changes and e-file;

4. … that as said inventor and attorney the undersigned has extensively worked with and become intimately familiar with the laws, legal issues and case precedent concerning the above-captioned action on behalf of Progme;

5. … that Progme has benefitted from the undersigned's technical and legal services and counsel on behalf of Progme in the above-captioned action;

6. … that the undersigned has provided, currently provides and will continue to provide distinctive value in the form of legal counsel as well as technical expertise to Progme in the above-captioned action;

7. … that said distinctive value includes deploying an integrated technical and legal skillset to assist Progme in defending against a pending Motion to Dismiss in the above-captioned action, successfully prosecuting the direct and induced infringement allegations

made by Progme in the above-captioned action pursuant to well-established legal principles and case precedent as well defending threatened allegations of inequitable conduct concerning the '735 Patent in the above-captioned action including establishing a teaching-away defense requiring the integrated exercise of both technical and legal skills on behalf of Progme;

8. that the undersigned entered an appearance as counsel on behalf of Progme in the above-captioned action as an Ohio attorney noticing Mike Raggio, Esq. as Local Counsel, Dkt. 42, and that the undersigned as such counsel intends to serve as Lead Counsel in the above-captioned action as well as a witness on behalf of Progme under the Rule 3.7(a)(3) exception in the Ohio and Michigan Rules of Professional Responsibility wherein disqualification of an attorney also serving as a witness for a client would cause substantial hardship to the client (s*ee* Rule 3.7(a)(3) of the Ohio and Michigan Rules of Professional Responsibility)[; and]

9. that Progme would suffer substantial hardship if the undersigned is not allowed to or is otherwise disqualified from continuing to serve as counsel for Progme in the above-captioned action[.]"

*See* appended **DAR Affidavit** at Paras. 2-9.

III. **THE ISSUE OF DISQUALIFYING AN ATTORNEY ALSO SERVING AS A WITNESS ON BEHALF OF A CLIENT UNDER RULE 3.7(a) OF THE MICHIGAN RULES OF PROFESSIONAL RESPONSIBILITY IS PREMATURE FOR THIS COURT TO CONSIDER AT THIS EARLY PRETRIAL STAGE OF THE INSTANT CASE.**

"Rule 3.7(a) generally prohibits a lawyer from acting as an advocate *at a trial* in which he is likely to be a necessary witness." See MJK Family LLC v. Corp Eagle Mgmt. Servs., Inc., 676 F. Supp 2d 584, 600 (E.D. Mich 2009) (emphasis in original). Indeed, District Judge J. Feikens of

this District found that although such a lawyer serving as a witness on behalf of a client at trial "'may well be disqualified from acting as trial counsel, the rule does not require his complete disqualification at this [pretrial] stage.'" *See* MJK Family LLC v. Corp Eagle Mgmt. Servs., Inc., supra quoting Dairymple v. Nat'l Bank & Trust Co. of Traverse City, 615 F. Supp. 979, 990 (W.D. Mich. 1985).

    **IV.**     **DEFENDANT GOOGLE IN ITS RESPONSE TO PLAINTIFF'S COUNSEL MOTION TO WITHDRAW AS COUNSEL TO PROGME DEFEATS THE MOTION TO WITHDRAW BY RAISING INEQUITABLE CONDUCT ALLEGATIONS AND THEREBY MAKING IT VIRTUALLY IMPOSSIBLE FOR PROGME TO SECURE ALTERNATE LOCAL COUNSEL TO REPLACE PLAINTIFF'S COUNSEL.**

Defendant Google LLC (hereinafter termed "Defendant Google") in its Response to Plaintiff's Counsel Motion to Withdraw as Counsel, Dkt. 43, stated Defendant Google did not oppose Counsel being granted leave to withdraw as counsel to Progme if the undersigned in also ordered by this Court to obtain other Local Counsel within 30 days. *See* Dkt. 43 at pgs. 1 and 3. Defendant Google's Response to Plaintiff's Counsel Motion to Withdraw as Counsel, Dkt. 43, is addressed by Progme, *inter alia*, in **DAR Affidavit Fact** #10 "that since Defendant Google, by counsel, threatened in its Response to Plaintiff's Counsel Motion to Withdraw as Counsel, Dkt. 43 (at pg. 2), in the above-captioned action to make inequitable conduct allegations with respect to the undersigned duly obtaining the '735 Patent assigned to Progme, should this Court grant said Motion Progme will be unable to secure alternative Local Counsel because of the toxicity created by the mere existence of such allegations among the local patent bar: if current Local Counsel is granted leave to withdraw as counsel to Progme, no other counsel will take on Progme as a client in light of such allegations, which would cause further substantial hardship to Progme." *See* appended **DAR Affidavit** at Para. 10.

Further, **DAR Affidavit Fact** #12 establishes "that the undersigned's law firm, Reams Law, is a one attorney law office in Washington, DC." *See* appended **DAR Affidavit** at Para. 12. Thus, the undersigned does not have "another … [law firm] lawyer" that can serve as trial counsel if the undersigned is disqualified under Rule 3.7(a). *See* <u>MJK Family LLC v. Corp Eagle Mgmt. Servs., Inc.</u>, supra.

V. **SHOULD THIS COURT GRANT PLAINTIFF'S COUNSEL MOTION TO WITHDRAW AS COUNSEL TO PROGME, PROGME REQUESTS THIS COURT WAIVE THE REQUIREMENT THAT PROGME SECURE LOCAL COUNSEL PURSUANT TO LR 83.20(F)(1).**

Should this Court grant **PLAINTIFF'S COUNSEL MOTION TO WITHDRAW AS COUNSEL**, the undersigned requests this Court grant the undersigned a waiver of LR 83.20(f)(1) to not require the undersigned secure Local Counsel. Requiring Progme to still seek alternative Local Counsel in light of Defendant Google's recent inequitable conduct allegations would impose a substantial hardship on Progme in the above-captioned action.

WHEREFORE, Plaintiff Progme opposes **PLAINTIFF'S COUNSEL MOTION TO WITHDRAW AS COUNSEL** filed 7/24/20 in the above-captioned action, Dkt. 40, or, in the alternative, should this Court grant counsel leave to withdraw, Progme requests pursuant to LR 83.20(f)(1) waiver of the requirement that Progme obtain Local Counsel.

Dated: August 7, 2020  Respectfully submitted,

/s/ David A. Reams
David A. Reams, #2086
Reams Law
2536 11th St., NW
Washington, DC 20001
Telephone: 202-286-9776
reamslawyer@gmail.com

**Practice Limited to US Court & Federal Agency Licensed in Ohio**

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August, 2020, I electronically filed the foregoing paper with the Clerk of Court using the ECF system which will send notification of such filing to all counsel of record.

    Signed,

    /s/ David A. Reams
    David A. Reams