UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PROGME CORPORATION,**

    Plaintiff,

v.

                                     Case No. 18-11728

**GOOGLE LLC,**                       Hon. Denise Page Hood

    Defendant.

_____/

### ORDER DENYING MOTION TO SET ASIDE JUDGMENT AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS UNDER FED. R. CIV. P. 60(b)(1) (#62)

On May 23, 2023, the Court entered an Opinion and Order granting Defendants' Motion to Dismiss and a Judgment against Plaintiff Progme Corporation. (ECF Nos. 60, 61) This matter is before the Court on Progme's Motion to Set Aside Judgment and Order Granting Defendants' Motion to Dismiss. (ECF No. 62)

Rule 60(b) of the Federal Rules of Civil Procedures provides that,

> [T]he court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect.

Fed. R. Civ. P. 60(b)(1). The standard under Rule 60(b) is significantly higher than the Rule 59(e) standard. *Feathers v. Chevron U.S.A., Inc.,*

141 F.3d 264, 268 (6th Cir. 1998). The Supreme Court approved the following factors that a court may consider in finding excusable neglect: 1) the danger of prejudice to the debtor; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay, including whether it was within the reasonable control of the movant; and, 4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993). The Supreme Court disapproved the allowance of a late claim based on the omissions of an attorney. *Id.* at 396. The Supreme Court noted that "clients must be held accountable for the acts and omissions of their attorneys." *Id.* at 396. A client, having chosen a particular attorney to represent him in a proceeding, cannot "avoid the consequences of the acts or omissions of this freely selected agent," and that "[a]ny other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Id.* at 397. In assessing a claim of excusable neglect, "the proper focus is upon whether the neglect of [the parties] *and their counsel* was excusable." *Id.* (emphasis in original). An attorney or *pro se* litigant's failure to timely

meet a deadline because of "[i]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" *Id.* at 392; *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir. 1991).

The Sixth Circuit has established that "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. Allied Signal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). Reliance on the *Pioneer* factors is inappropriate where procedural default was not at issue. *Id*. at 386. Where the court did consider the merits of the appellant's claim in granting the summary judgment motion, the *Pioneer* factors are not controlling. *Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012).

Progme is seeking a reversal of this Court's ruling based on the analysis of the merits of the parties' various arguments. The *Pioneer* factors are not controlling since Progme's arguments do not go to any procedural default, such as missing a deadline in filing a brief. Rather, Progme is arguing that it should be allowed to raise a new argument because it did not include a specific fact in its complaints and that its failure to do so constituted "excusable neglect." Even though the *Pioneer* factors

3

do not apply in this instance, the Court will address the factors set forth in *Pioneer* to determine if Progme has established "excusable neglect."

Progme asserts that its failure to locate and specify the synchronized (mLock) {...} as said timer means and determined offset values" constitutes an "excusable neglect" that warrants the setting aside of the Judgment. As to the first factor of prejudice, Progme asserts Google would not be prejudiced. The Court finds that Google is prejudiced because it is Progme's burden to state the appropriate allegations and facts to support its complaint. Progme had ample time and opportunities to allege such facts in its complaints, but failed to do so, until the Court ruled Progme failed to properly assert claims in its complaints.

Regarding the second factor, the length of the delay, this factor is significant since Progme filed this case and the related case in 2018. Allowing Progme another chance to amend its complaint would significantly impact the judicial proceedings in that more rounds of briefing will most likely occur in new motions to dismiss.

The third factor, Progme's reason for the delay, is insufficient in that it was within Progme's control to add the factual allegations in its complaints. Progme admits there is no new evidence. Progme previously failed to

properly allege facts in its complaints.

Addressing the fourth factor, good faith, Progme's actions in failing to properly state the factual allegations in its complaints is not made in good faith because Progme had the information all along in its possession. Progme is accountable for its counsel's actions in failing to allegedly add certain facts in its complaints.

Weighing the factors noted above, even if applicable to Progme's arguments, Progme has failed to show excusable neglect in failing to properly allege facts in its complaints. Progme has not met its burden in showing "excusable neglect" in failing to add facts to its complaints, where Progme had the information all along.

As to Progme's claim that the Court made a "mistake" in its ruling, the Court finds that the "mistake" in Rule 60(b)(1) is not the Court's mistake but the movant's mistake, such as a mistake in interpreting rules or ignorance of the law. Progme is essentially asking the Court to reconsider its ruling, and the Court so declines. Progme admits in this motion that it neglected to locate and specify synchronized (mLock) {...} as said timer means and determined offset values inherent in the listed source code lines in Google's alleged infringing code. The Court did not make a "mistake" in finding that

5

Progme failed to meet its burden in placing Google on notice of what activity Google is being accused of infringing.  Progme failed to allege facts in support of its claims.

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motion to Set Aside Judgment and Order Granting Defendants' Motions to Dismiss **(ECF No. 62)** is DENIED.

s/Denise Page Hood  
United States District Judge

Dated: March 28, 2024